# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MARSHA LADUE**, Individually and as Executrix of the Estate Of **MARC LADUE**, Deceased, and on behalf of all Wrongful Death Beneficiaries,<br><br>*Plaintiff,*<br><br>vs.<br><br>**AMERICAN HONDA MOTOR COMPANY, INC.**;<br><br>**HARLEY-DAVIDSON, INC.** d/b/a HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY);<br><br>**HARLEY-DAVIDSON MOTOR COMPANY, INC.** (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY),<br><br>*Defendants.* | 8:18-cv-558<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## THE PARTIES

1. Plaintiff MARSHA LADUE, Individually and as Executrix of the Estate of MARC LADUE, Deceased, and on behalf of all Wrongful Death Beneficiaries, is a citizen and resident of the County of Woodbury, State of Iowa.

2. Plaintiff is the duly appointed Executrix of the Estate of MARC LADUE, Deceased, having been so appointed on September 26, 2018, by the District Court of Plymouth County, State of Iowa. Plaintiff brings this action on behalf of the Wrongful Death Beneficiaries of Decedent.

3. Prior to his death, Decedent MARC J. LADUE was diagnosed with mesothelioma, an asbestos-related cancer, on or about October 5, 2015, which was the cause of his death. Decedent MARC J. LADUE died on September 15, 2018.

4. Upon information and belief, and at all times hereinafter, each of the Defendants was the agent, servant, employee and/or joint venture of its Co-Defendants and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employee and/or joint venture. For purposes of this Complaint, each Defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief, each Defendant inclusive: (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of some other state or foreign jurisdiction to do business in the State of Nebraska; (b) in person or through an agent, transacts business in the State of Nebraska; (c) regularly does and/or solicits business within the State of Nebraska; (d) derives substantial revenue from goods used or consumed in the State of Nebraska; and (e) expected or should have expected its acts to have consequences within the state of Nebraska and derive substantial revenue from interstate and/or international commerce. At all relevant times, Defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos, and/or asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "Defendants' Products").

5. Defendant AMERICAN HONDA MOTOR COMPANY, INC. is a California corporation doing business in the State of Nebraska whose registered agent for service of process is: CT Corporation System, 5601 South 59th Street, Lincoln, NE 68516. Defendant AMERICAN

HONDA MOTOR COMPANY, INC. is being sued as a manufacturer and supplier of asbestos-containing Honda motorcycles and Honda friction products.

6. Defendant HARLEY-DAVIDSON, INC. d/b/a HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY) is a Wisconsin corporation doing business in the State of Nebraska whose registered agent for service of process is: CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703-3691. Defendant HARLEY-DAVIDSON, INC. d/b/a HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY) is being sued as a manufacturer and supplier of asbestos-containing Harley-Davidson motorcycles and Harley-Davidson friction products.

7. Defendant HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY) is a Wisconsin corporation doing business in the State of Nebraska whose registered agent for service of process is: CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703-3691. Defendant HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY) is being sued as a manufacturer and supplier of asbestos-containing Harley-Davidson motorcycles and Harley-Davidson friction products.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. § 1332 because: (a) the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and (b) because the parties to the suit are completely diverse in that Defendants are not citizens of the same state as Plaintiff.

9.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred within Nebraska.

10. Defendants listed on the caption are foreign corporations which are amenable to jurisdiction in the courts of the District of Nebraska by virtue of their respective conduct of substantial and/or systematic business in the District of Nebraska which subjects Defendants to the jurisdiction of the District of Nebraska Courts pursuant to the District of Nebraska Long-Arm Statute.  Defendant corporations do or in the past mined, manufactured, processed, imported, converted, compounded, supplied, and/or retailed substantial amounts of Defendants' Products which are or in the past were sold, distributed, and used in the District of Nebraska.  As mentioned above, Decedent MARC LADUE was exposed to asbestos while using Defendant's Products purchased in the District of Nebraska.

## NATURE OF ACTION

11. As a result of Defendants' wrongful conduct, Decedent MARC LADUE suffered from mesothelioma, a type of cancer caused by exposure to asbestos.  As a result of his diagnosis, he suffered substantial physical pain, mental anguish, emotional distress, loss of enjoyment of life, disabilities, loss of bodily functions, and subsequent death.  He also incurred substantial medical expenses and other damages associated with the diagnosis, treatment, and medical course of his cancer and subsequent death.  Further, as a result of Defendants' wrongful conduct, Decedent MARC LADUE incurred a substantial loss of income.

## FACTUAL BACKGROUND

12. Plaintiff MARSHA LADUE alleges that Decedent MARC J. LADUE was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers from Defendants' Products, an inherently dangerous toxic substance, from approximately 1977 to the

2000's while performing maintenance and repairs to his personal Honda motorcycles, Harley-Davidson Motorcycles and their component parts including, but not limited to, asbestos-containing motorcycles and friction products manufactured and supplied by AMERICAN HONDA MOTOR COMPANY, INC., HARLEY-DAVIDSON, INC. d/b/a HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY), and HARLEY-DAVIDSON MOTOR COMPANY, INC. (sued individually and as successor-in-interest to AMERICAN MACHINE AND FOUNDRY).

13. Decedent MARC LADUE was exposed to Defendants' Products which were manufactured, sold, distributed, or installed by the Defendants.

14. At all times herein set forth, Defendants' Products were being employed in the manner and for the purposes for which they were intended.

15. Decedent MARC LADUE'S exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of Defendants' Products was completely foreseeable and could or should have been anticipated by the Defendants.

16. Defendants knew or should have known that the asbestos fibers contained in Defendants' Products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

17. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

18. At all times herein relevant, Defendants had a duty to exercise reasonable care and caution for the safety of Decedent MARC LADUE and others working with and around Defendants' Products.

19. At all times herein relevant, Defendants are or were a miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of Defendants' Products.

20. Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, Defendants' Products to be placed in the stream of interstate commerce with the result that said Products came into use by Decedent MARC LADUE.

21. Decedent MARC LADUE personally used and was exposed to Defendants' Products which were mined, manufactured, processed, imported, converted, compounded, and/or sold by Defendants, most of the exposure being within the State of Nebraska.

22. Decedent MARC LADUE was exposed to Defendant's Products which directly and proximately caused Decedent to develop an illness known and designated as mesothelioma which caused his death.

23. Defendants knew or should have known that the asbestos fibers contained in Defendants' Products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

24. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, develop, manufacture, distribute, supply, and sell Defendants' Products that were not unreasonably dangerous or defective, and/or a duty to warn Decedent MARC LADUE and other foreseeable users of Defendants' Products of the dangers and defects which the Defendants created, knew, or,

within the exercise of reasonable care should have known, to render them safe for their intended and foreseeable uses.

25. Decedent MARC LADUE sustained injuries, illnesses, disabilities, damages, and subsequent death caused by no fault of his own and which could not be avoided through the use of reasonable care. Decedent MARC LADUE's development of asbestos-related mesothelioma was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put Defendants' Products into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said Products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent MARC LADUE's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew, or in the exercise of reasonable care should have known, that Decedent MARC LADUE would not know of such dangers to his health.

26. Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Decedent MARC LADUE in one or more of the following respects:

   a. Including asbestos in Defendants' Products, and using asbestos even though it was foreseeable that persons such as Decedent MARC LADUE who was working with and around said Products would inhale, ingest or otherwise absorb asbestos;

   b. Including asbestos in Defendants' Products, and using asbestos when the Defendants knew or should have known that asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

   c. Including asbestos in Defendants' Products, and using asbestos when adequate substitutes for the asbestos in them were available;

   d. Failing to provide any or adequate warnings to persons working with and around Defendants' Products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in said Products;

    e.    Failing to provide any or adequate instructions concerning the safe methods of working with and around Defendants' Products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in said Products;

    f.    Failing to conduct tests on Defendants' Products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Decedent MARC LADUE might be exposed while working with or around said Products;

    g.    Designing, manufacturing and selling Defendants' Products that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

27. Defendants' actions, as stated herein, also constituted a conscious and flagrant disregard of the rights and safety of Decedent MARC LADUE, and by engaging in such actions, Defendants acted with the necessary malice, fraud, and oppression that justifies holding them liable for punitive damages.

28. Specifically, Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice, and gross negligence:

    a.    Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by including asbestos in Defendants' Products, or using asbestos, even though it was completely foreseeable and could or should have been anticipated that persons such as Decedent MARC LADUE, who was working with or around Defendants' Products, would inhale, ingest or otherwise absorb asbestos;

    b.    Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by including asbestos in Defendants' Products, or using asbestos, when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    c.    Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by including asbestos in Defendants' Products, or using asbestos, when adequate substitutes for the asbestos in them were available;

    d.    Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by removing any warnings regarding the dangers of

asbestos from the packing of Defendants' Products or on Defendants' Products themselves supplied to persons working with and around said Products in their intended and/or reasonably foreseeable manner;

e. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to provide any or adequate warnings to persons working with and around Defendants' Products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

f. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to provide any or adequate instructions concerning the safe methods of working with and around Defendants' Products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers said Products;

g. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to conduct tests on Defendants' Products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Decedent MARC LADUE might be exposed while working with and around said Products;

h. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of Decedent MARC LADUE;

i. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of Defendants' Products, coupled with; (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and, (3) failure to promptly and safely remove asbestos in place;

j. Intentionally or with gross negligence disregarded the safety of Decedent MARC LADUE by failing to require and/or advise workers and persons such as Decedent MARC LADUE of hygiene practices designed to reduce and/or prevent the escape of asbestos dust fibers and to avoid inhaling, ingesting or otherwise absorbing the asbestos dust fibers in said Products.

29. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing Defendants' Products into the stream of commerce knew, or in the exercise of

reasonable care, should have known about the risks associated with said Products. Defendants' Products were defective at the time they left the control of the Defendants.

30. Defendants were negligent and breached their duty of due care to Decedent MARC LADUE by taking or failing to take the actions as previously alleged to avoid harm to Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, and/or distribution of Defendants' Products at issue in the stream of commerce.

31. The hazards posed by exposure to Defendants' Products and the resulting injuries and damages to Decedent MARC LADUE were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

32. Subsequent to the initial sale of Defendants' Products to Decedent MARC LADUE, Defendants continued to accumulate additional knowledge regarding the hazards of Defendants' Products.

33. Defendants had a continuing duty to provide post-sale warnings of dangers associated with Defendants' Products to users.

34. At the time Defendants' Products left Defendants' control without adequate warnings or instructions, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to reasonably foreseeable claimants, such as Decedent MARC LADUE. In the alternative, after Defendants' Products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to reasonably foreseeable users, such as Decedent MARC LADUE, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

35. As a direct and proximate result of one or more of the foregoing acts and/or

omissions on the part of the Defendants, Decedent MARC LADUE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent MARC LADUE to develop mesothelioma. Decedent MARC LADUE was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced mesothelioma and condition. Decedent MARC LADUE also experienced great physical pain and mental anguish as a result of his asbestos-induced mesothelioma, as well as a substantial loss of income.

36. On September 15, 2018, as a direct and proximate result of his asbestos-related diseases and problems, MARC LADUE, died.

37. As a result of the above, Plaintiff seeks damages as hereinafter demanded.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY

38. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

39. At all material times, Defendants were engaged in the manufacture, distribution, supply, sale, assembly, production, construction, and/or specification of Defendants' Products.

40. Defendants, acting through their agents, servants, and/or employees, placed in the stream of commerce Defendants' Products which were designed, manufactured, distributed, marketed, and/or sold by Defendants and that were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable use with the result that said Products came into use by Decedent MARC LADUE.

41. Defendants placed Defendants' Products on the market and knew or should have known they would be used without inspection for defects.

42. Defendants failed to design, manufacture, market, distribute, supply, and sell Defendants' Products in such a manner as to render them safe for their intended and foreseeable uses. By way of example, and not limitation, Defendants:

   a. Failed to design, develop, manufacture and test Defendants' Products in such a manner as to render them safe for their intended and foreseeable use, when Defendants knew or should have known that the foreseeable use of and intended purpose of Defendants' Products was by persons, specifically Decedent MARC LADUE, who worked with and around said Products;

   b. Marketed and sold Defendants' Products that were in an unreasonably dangerous and defective condition, presenting a hazardous risk to Decedent MARC LADUE's well being;

   c. Failed to recall or attempt to repair the defective Defendants' Products when Defendants are and have been aware of the propensity of said Products to injure Decedent MARC LADUE;

   d. Failed to properly test Defendants' Products to ensure that they were reasonably safe for use throughout their lifetime.

43. Moreover, when Defendants' Products left Defendants' possession and were placed on the market they were defective in that:

   a. When used in the intended or reasonably foreseeable manner, Defendants' Products were not reasonably safe for their intended use;

   b. When used in the intended or reasonably foreseeable manner, Defendants' Products failed to perform as safely as would be expected by an ordinary user or consumer;

   c. When used in the intended or reasonably foreseeable manner, Defendants' Products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

44. Defendants violated the requirements of Section 402A of the Restatement of Torts 2d, all of which proximately resulted in Decedent MARC LADUE's asbestos-related mesothelioma and subsequent death.

45. Additionally, although Defendants knew, or in the exercise of ordinary care should

have known, that Defendants' Products were deleterious, and highly harmful to Decedent MARC LADUE's health, Defendants nonetheless:

    a.    Failed to advise or warn Decedent MARC LADUE of the dangerous characteristics of Defendants' Products;

    b.    Failed to provide Decedent MARC LADUE with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Decedent MARC LADUE from being harmed by exposure to Defendants' Products;

    c.    Failed to place any warnings on containers of Defendants' Products alerting Decedent MARC LADUE of the dangers to his health caused by contact with Defendants' Products;

    d.    Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing Defendants' Products in a safe manner.

46. Defendants' Products were also defective due to inadequate warning or instructions during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care should have known, about the risks associated with Defendants' Products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that said Products would cause serious physical harm to Decedent MARC LADUE.

47. As a direct and proximate result of using Defendants' Products for the general purposes for which they were designed and intended, Decedent MARC LADUE was exposed to asbestos, was injured as described herein, and subsequently died.

48. Accordingly, Defendants are strictly liable to Decedent MARC LADUE for their failure to warn and for the defective design and manufacture and/or marketing, distributing, supplying and selling defective Defendants' Products.

49. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION

### BREACH OF WARRANTY

50. Plaintiff realleges the preceding paragraphs as if fully set forth herein, and to the extent necessary, pleads this cause of action in the alternative.

51. Defendants warranted that Defendants' Products were of good and merchantable quality and fit for their intended purpose.

52. Defendants caused Decedent MARC LADUE's injuries, illnesses, disabilities, damages and subsequent death as stated above by manufacturing, selling, installing, and distributing Defendants' Products which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Decedent MARC LADUE had a right to rely and did rely.

53. As a direct and proximate result of the breaches of these warranties, Decedent MARC LADUE was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent MARC LADUE to develop the aforesaid mesothelioma, which disabled and disfigured Decedent MARC LADUE; Decedent MARC LADUE was compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced mesothelioma; and, Decedent MARC LADUE experienced great physical pain and mental anguish as a result of his asbestos-induced mesothelioma and conditions. Decedent MARC LADUE incurred substantial loss of income.

54. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION

### PUNITIVE DAMAGES

55. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein, and to the extent necessary, pleads this cause of action in the alternative.

56. Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that Defendants' Products were hazardous to the health and safety of Decedent MARC LADUE and others in Decedent's position, and prompted by pecuniary motives, Defendants ignored and failed to act upon said medical and scientific data and deprived the public, and particularly the users, of said medical and scientific data, depriving them therefore of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of Defendants. As a result, Decedent MARC LADUE was severely damaged as is set forth below.

57. The acts and omissions of Defendants as hereinabove set forth were willful, wanton and reckless, and evinced a conscious disregard for the safety of Decedent MARC LADUE and others similarly situated at a time when Defendants had knowledge, or should have had knowledge, of the dangerous effects of Defendants' Products upon the body of human beings, including Decedent MARC LADUE and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, dangerous Defendants' Producst with full knowledge that said Products were being used and would be used to the detriment of the health of Decedent MARC LADUE and others similarly situated, and Plaintiff MARSHA LADUE is thereby entitled to punitive damages.

58. Accordingly, as a result of the Defendant's conduct which was willful, wanton and reckless and in total disregard for the health and safety of the user or consumer such as Decedent MARC LADUE, Plaintiff MARCIA LADUE therefore seeks punitive damages against Defendants.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

59. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein, and to the extent necessary, pleads this cause of action in the alternative.

60. Decedent MARC LADUE and MARSHA LADUE were married on April 17, 1987, and at all times relevant to this action were husband and wife.

61. Prior to Decedent MARC LADUE's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Decedent MARC LADUE was unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home.

62. As a direct and proximate result of the injuries and damages complained of herein with respect to Decedent MARC LADUE and as a direct and proximate result of the acts and omissions of Defendants, Plaintiff MARSHA LADUE has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of Decedent MARC LADUE, and therefore Plaintiff MARSHA LADUE is entitled to damages for her loss of consortium, both past and future.

## PRAYER FOR RELIEF

63. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease of Decedent MARC LADUE, and of the following general and special damages including:

   a) Damages to punish Defendants for proximately causing Decedent MARC LADUE's untimely injuries, illnesses, disabilities and subsequent death;

   b) Physical pain and mental anguish sustained by Decedent MARC LADUE in the past;

c)   The past disfigurement suffered by Decedent MARC LADUE;

d)   The physical impairment sustained by Decedent MARC LADUE in the past.

e)   Medical expenses incurred by Decedent MARC LADUE in the past;

f)   The medical expenses that Plaintiff MARSHA LADUE will, in reasonable probability, sustain in the future;

g)   Decedent MARC LADUE's lost earning capacity sustained in the past;

h)   Loss of household services sustained by Plaintiff MARSHA LADUE in the past;

i)   The loss of household services that, in reasonable probability, Plaintiff MARSHA LADUE will sustain in the future;

j)   The loss of consortium sustained by Plaintiff MARSHA LADUE in the past;

k)   The loss of consortium that, in reasonable probability, Plaintiff MARSHA LADUE will sustain in the future.

l)   Plaintiff MARSHA LADUE seeks punitive and exemplary damages.

m)   Any and all other recoverable personal injury, survival, and/or wrongful death damages for Plaintiff and Plaintiffs' heirs.

n)   The pecuniary loss, including the past and future loss of the care, maintenance services, support, advice, counsel, consortium, excluding loss of inheritance, that Plaintiff MARSHA LADUE, in reasonable probability, would have received from each other if Decedent MARC LADUE had lived;

o)   Loss of companionship and society sustained by Plaintiff MARSHA LADUE in the past;

p)   The loss of companionship and society sustained that, in reasonable    probability, Plaintiff MARSHA LADUE will sustain in the future;

q)  Mental anguish sustained by Plaintiff MARSHA LADUE in the past; and

r)  Mental anguish that, in reasonable probability, will be sustained by the Plaintiff MARSHA LADUE in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000.00 plus interest as provided by law and the costs of this action.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 30th day of November, 2018.

Respectfully submitted,

AUSMAN LAW FIRM PC LLO

By: s/Michelle D. Epstein
Michelle D. Epstein, #21936
Jason G. Ausman, #22261
9850 Nicolas Street, Suite 305
Omaha, NE 68114
Telephone: (402) 933-8140
Facsimile:  (402) 718-9423
michelle@ausmanlawfirm.com

<u>Pending Approval of Pro Hac Vice Application</u>
SIMON GREENSTONE PANATIER, PC
Eric Przybysz, TX Bar No. 24102381
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: (214) 276-7680
Facsimile:  (214) 276-7699
eprzybysz@sgpblaw.com

Attorneys for Plaintiff